IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY FEARS, </br>       Petitioner, </br> </br> v. </br> </br> JOHN E. WETZEL, et al., </br>       Respondents. | Civil Action No. 05-cv-1421 </br> </br> Judge Kim R. Gibson |

## **OPINION**

Before the Court is Leroy Fears' motion for reconsideration of the Court's July 30, 2015 Opinion and Order that denied his motion for discovery. [ECF No. 54]. For the reasons that follow, the Court denies the motion for reconsideration in all respects.

## I.

The Court has the inherent power to reconsider interlocutory orders such as discovery orders. See, e.g., Tedford v. Beard, No. 09-cv-409, 2014 WL 4828873, *14 (W.D. Pa. Sept. 29, 2014). See also 18B Charles A. Wright, et al. Federal Practice and Procedure: Jurisdiction § 4478 (2d ed. updated April 2015). Because courts have a strong interest in the finality of decisions rendered and the promotion of judicial economy and jurisprudential integrity, "courts generally ... refuse to reopen what has been decided." Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (quoting Messenger v. Anderson, 225 U.S. 436, 444 (1912)). Accordingly, courts grant motions for reconsideration sparingly. "[A] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of

1

disagreement between the Court and the litigant." Tedford, No. 09-cv-409, 2014 WL 4828873 at *14 (internal citations and quotations omitted). As has been stated by many courts, motions for reconsideration do not provide litigants with "a second bite at the apple."

Fears is entitled to reconsideration of the Court's decision to deny his motion for discovery only if he can establish one of the following three familiar grounds justifying such relief: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Id. (citing A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc., No. 94-cv-7408, 2001 WL 881718, *1 (E.D. Pa. May 1, 2001) ("[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed.R.Civ.P. 59(e)."). See also Federal Practice and Procedure: Jurisdiction § 4478 ("The standards announced for departing from the law of the case commonly demand strong justification.").

## II.

In Claim II of his habeas petition, Fears contends that his trial counsel (Sumner L. Parker, Esquire), was ineffective for failing to investigate and present available mitigating evidence at the sentencing hearing. The Pennsylvania Supreme Court denied this claim on the merits on direct appeal. Commonwealth v. Fears, 836 A.2d 52, 71-74 (Pa. 2003) ("Fears I"). Fears also contends in Claim II that his post-sentence and direct appeal counsel (Caroline Roberto, Esquire) was ineffective in the manner in which she litigated the claim of Attorney Parker's

ineffectiveness. The Pennsylvania Supreme Court denied on the merits this portion of Claim II in the PCRA appeal. Commonwealth v. Fears, 86 A.3d 795, 803, 811-17 (Pa. 2014) ("Fears II").

In the motion for discovery that Fears filed with this Court, he sought extensive discovery on a sub-claim of Claim II. In that sub-claim, Fears alleges that both Attorney Parker and Attorney Roberto were ineffective for failing to gather available mitigating evidence about Fears' paternal biological family. As the Court explained in its decision to deny discovery, that sub-claim is procedurally defaulted and the record establishes that Fears cannot demonstrate "cause" to excuse his default. As a result, the Court is barred from reviewing it and there is no basis to permit Fears to conduct discovery on it, or for the Court to hold an evidentiary hearing.[1]

Fears argues in his motion for reconsideration that it was premature for the Court to conclude that discovery was foreclosed due to a procedural default because the Respondents have not yet filed an answer to the habeas petition or raised a procedural default defense. This

---

[1] The Court recognizes that, in the alternative, the rule established in Cullen v. Pinholster, — U.S. —, 131 S.Ct. 1388 (2011), may prohibit discovery on Claim II and any sub-claim of it, since the Pennsylvania Supreme Court denied Claim II in Fears I (with respect to Attorney Parker's ineffectiveness) and Fears II (with respect to Attorney Roberto's ineffectiveness) and, therefore, Fears may not expand the record to include new evidence to support any part of Claim II. That is because under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when the state court has "adjudicated on the merits" a federal habeas claim (here, Claim II), AEDPA's standard of review at 28 U.S.C.§ 2254(d) applies. In Pinholster, the Supreme Court ruled that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits[,]" 131 S.Ct. at 1398, and "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Id. at 1400.

3

argument has no merit. Fears admitted in both his habeas petition and his motion for discovery that the sub-claim is procedurally defaulted because his PCRA counsel, the Federal Community Defender Office for the Eastern District of Pennsylvania, Capital Habeas Corpus Unit ("Eastern District CDO"), did not raise it during his PCRA proceeding. [ECF No. 36, ¶ 211; ECF No. 48 at 2-3].

As the Court explained in its decision to deny discovery, a petitioner can overcome the default of a claim, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" was responsible for the default, and "actual prejudice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Importantly, in Coleman, the Supreme Court held that **ineffectiveness of state post-conviction counsel (in this case, the Eastern District CDO) cannot qualify as "cause" for a default.** 501 U.S. at 752-54.

In Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012), the Supreme Court created a "narrow" and "limited qualification" to the rule in Coleman. Martinez, 132 S.Ct. at 1315, 1319. It held that where state law requires that claims of ineffective assistance of trial counsel be raised for the **first time** in a collateral proceeding, a federal habeas petitioner may be able to establish "cause" sufficient to overcome a procedural default of a "substantial" claim of trial counsel's ineffectiveness if the collateral counsel was ineffective (or there was no counsel in the collateral proceeding). The Supreme Court called collateral proceedings that provide the **first occasion to raise claims of ineffective assistance of trial counsel** "initial-review collateral proceedings,"

4

and it limited the rule announced in Martinez to initial-review collateral proceedings. 132 S.Ct. at 1315-21. In Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911 (2013), "the Supreme Court clarified that the Martinez rule applied not only to states that expressly denied permission to raise ineffective assistance claims on direct appeal (such as Arizona, which Martinez address), but also to states in which it was 'virtually impossible,' as a practical matter to assert an ineffective assistance claim before collateral review [such as in Texas, which Trevino addressed]." Cox v. Horn, 757 F.3d 113, 119 (3d Cir. 2014) (quoting Trevino, 133 S.Ct. at 1915), cert. denied sub nom. 135 S.Ct. 1548 (2015).

In his motion for discovery, Fears expressly asserted that pursuant to Martinez and Trevino, he could rely upon the Eastern District CDO's ineffective assistance during the PCRA proceeding to establish "cause" to overcome the default of the sub-claim.[2] Therefore, before it

---

[2] Although Fears faults the Eastern District CDO for failing to raise the sub-claim at issue during the PCRA proceeding, the Eastern District CDO represented to the PCRA court that they were working with Fears' current federal habeas counsel on the investigation of his federal habeas claims and on the preparation of the federal habeas petition. In the February 2006 motion they filed with the PCRA court to terminate the unauthorized PCRA proceeding that was pending at that time, the Eastern District CDO stated that Fears' federal habeas counsel (the Federal Public Defender Office for the Western District of Pennsylvania) had contacted them "and requested that they join as co-counsel in [the federal habeas proceedings]." CP Dkt. No. 67, Motion to Dismiss Unauthorized Post-Conviction Filing with Prejudice and to Terminate PCRA Proceedings Without Prejudice, at 2. They stated that "Victor Abreu and Michael Wiseman have been assigned to participate as co-counsel, and will be entering their appearances in the federal proceedings." Id. They also stated that "since Mr. Fears currently is represented by undersigned counsel (who will represent him in state court should that become necessary), **and** by the Federal Public Defender for the Western District of Pennsylvania, the appointment of counsel for purposes of pursuing a PCRA is neither necessary nor appropriate and Mr. Fears will not require
*Continued on the next page*

5

granted Fears the extensive discovery he requested, it was necessary and entirely proper for the Court to examine whether the "narrow" and "limited qualification" to the rule in Coleman that the Supreme Court announced in Martinez even applies to his case. It clearly does not. The record, including the Pennsylvania Supreme Court's decisions in Fears I and Fears II, establishes that Fears' PCRA proceeding was not an "initial-review collateral proceeding" as defined by Martinez, and that neither Martinez nor Trevino applies to this case. As a result, pursuant to Coleman, Fears **cannot** rely upon the Eastern District CDO's ineffectiveness to establish "cause" for the default of the sub-claim at issue. Because he cannot do so, there is no basis to grant him discovery or an evidentiary hearing.

Also without merit is Fears' argument that the Court should have taken his assertions as true when it evaluated whether he met his burden of demonstrating that he was entitled to discovery, or at least scheduled an evidentiary hearing. That is not the law. "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991). See also Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). Likewise, incomplete or inaccurate allegations of what occurred during the state proceeding do

---

Mr. Farrell's services." Id. at 4 (emphasis added). The Eastern District CDO further represented to the PCRA court that they were working on the federal habeas corpus petition, id. at 3 ("assigned counsel are preparing his habeas corpus petition that is due on April 14, 2006"), and told the PCRA court at a hearing that "**we** have a court-imposed deadline in federal court in mid-April. **We** may be asking for a short continuance in that." 3/20/06 Hr'g Tr. at 15 (emphasis added).

not establish "good cause" for discovery or provide support for an evidentiary hearing. As the Court of Appeals for the Third Circuit has instructed:

> "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro [v. Landrigan, 550 U.S. 465, 474 (2007)]. That is, even if the factual allegations in the habeas petition are sufficient to make out a *prima facie* claim for habeas relief, a district court may decline to convene an evidentiary hearing if the factual allegations are "contravened by the existing record." Id. (citation omitted); see also Campbell [v. Vaughn, 209 F.3d 280, 290 (3d Cir. 2000)].

Palmer v. Hendricks, 592 F.3d 386, 393 (2010). See also Rega v. Wetzel, No:13-cv-1781, 2014 WL 4079949, *8-9 (Aug. 18, 2014) (Conti, C.J.) (denied the petitioner's motion for discovery because, after reviewing the petitioner's allegations against the state court record, the court found that the petitioner gave an inaccurate summarization of what occurred in the state court proceedings); Tedford v. Beard, No. 09-409, 2010 WL 3885207, at *8 (W.D. Pa. Sept. 28, 2010) (McVerry, J.) ("If the Court were to take Petitioner's allegations at face value, it might agree that they are specific enough to entitle him to discovery of the photographs at issue. The court will not do so, however, because a review of the transcript from the preliminary hearing shows that his paraphrasing of Officer Peter's testimony is inaccurate.").

In conclusion, although the Court has the discretion to permit discovery and hold a hearing on the issue of whether the petitioner can overcome the default of a claim, see, e.g. Cristin v. Brennan, 281 F.3d 404, 413-19 (3d Cir. 2002), when the record answers the question before the Court, there is no "good cause" for discovery and no grounds for an evidentiary hearing.

7

### III.

Because Fears has not demonstrated the existence of any of the grounds justifying reconsideration of the Court's July 30, 2015 Opinion and Order, his motion for reconsideration is denied in all respects.

An appropriate Order follows.

September 8, 2015

BY THE COURT:

Kim R. Gibson
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY FEARS,<br>     Petitioner,<br><br>v.<br><br>JOHN E. WETZEL, et al.,<br>     Respondents. | Civil Action No. 05-cv-1421<br><br>Judge Kim R. Gibson |

## ORDER

AND NOW this, 8th day of September, 2015, it is hereby ORDERED that Fears' *Motion and Combined Memorandum of Law to Reconsider This Court's July 30, 2015 Opinion* [ECF No. 54] is **DENIED**.

BY THE COURT:

Kim R. Gibson
United States District Court Judge